2/28/2017 10:54:16 AM
Chris Daniel - District Clerk Harris County
Envelope No. 15568213
By: Bonisha Evans
Filed: 2/28/2017 10:54:16 AM

**2017-13745 / Court: 125**

CAUSE NO. _____

| | | |
|---|---|---|
| BRIDGET BERGMAN | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| and KENDALL DAVIDSON | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION
### AND MOTION TO COMPEL MEDIATION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bridget Bergman, hereinafter referred to as Plaintiff, complaining of Liberty Insurance Corporation ("Liberty Mutual") and Kendall Davidson ("Davidson") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.  Plaintiff is an individual residing in Harris County, Texas.

3.  Defendant Liberty Mutual is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

1

**EXHIBIT "A"**

4. Defendant Davidson is an individual residing in Texas and may be served with process at the following address: 20818 Golden Kings Court, Humble, Texas 77346.

5. The Clerk is requested to issue Citations.

## III.
## JURISDICTION

6. Plaintiff stipulates that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX.R.CIV.P. 47.

7. The court has jurisdiction over Defendant Liberty Mutual because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

8. The court has jurisdiction over Defendant Davidson because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV.
## VENUE

9. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## FACTS

10. Plaintiff owns a homeowner insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Liberty Mutual. Plaintiff owns the insured property, which is specifically located at 16046 Sweetwater Creek Drive, Houston, Texas 77095 (hereinafter referred to as "the Property").

11. Defendant Liberty Mutual sold the Policy insuring the Property to Plaintiff.

2

12. Plaintiff experienced a plumbing leak which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant Liberty Mutual. Defendant Liberty Mutual assigned a date of loss of December 20, 2014 to the claim. Plaintiff subsequently opened a claim and Defendant Liberty Mutual assigned Defendant Davidson to adjust the claim.

13. Defendant Davidson made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant Davidson personally inspected the Property and observed damage caused by water, yet nevertheless denied Plaintiff's claim on a technicality, cutting and pasting large sections of the Policy into a denial letter, including the incorrect and improper conclusion that Plaintiff's damages were caused by the "repeated seepage or leakage or water" when at all times material to this suit, Defendant Davidson knew that Plaintiff's damages were caused by the sudden and accidental discharge of water. When Plaintiff contacted Liberty Mutual again in 2017 to reconsider its erroneous coverage position, Defendant Davidson again denied Plaintiff's claim, this time on the theory that defective workmanship somehow caused or contributed to the damage. Defendant Davidson wrongfully denied Plaintiff's claim not once, but twice, using nonsensical and patently false bases for denial. These wrongful denials resulted in the underpayment of Plaintiff's claim.

14. Defendant Liberty Mutual failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Defendant Liberty Mutual's conduct constitutes a breach of the insurance contract between Defendant Liberty Mutual and Plaintiff.

15. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

16. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

17. Defendants failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

18. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

19. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

20. Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

21. Defendant Liberty Mutual failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

22. Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Liberty Mutual has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

23. From and after the time Plaintiff's claim was presented to Defendant Liberty Mutual, the liability of Defendant Liberty Mutual to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Liberty Mutual has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VI.
## CAUSES OF ACTION

### A. CAUSES OF ACTION AGAINST DEFENDANT DAVIDSON

#### 1. TEXAS INSURANCE CODE VIOLATIONS

26.     Defendant Davidson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant Davidson is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Liberty Mutual, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.     Defendant Davidson's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29. Defendant Davidson's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30. The unfair settlement practice of Defendant Davidson, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31. Defendant Davidson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32. Defendant Davidson's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

33. Defendant Davidson's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering substantially less than the amount ultimately recovered. Defendant Davidson refused to offer more than the grossly undervalued estimates prepared on behalf of Defendants, despite knowing the actual damages were much greater

than what was paid. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### B. CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL

34. Defendant Liberty Mutual is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

#### I. BREACH OF CONTRACT

35. Defendant Liberty Mutual's conduct constitutes a breach of the insurance contract made between Defendant Liberty Mutual and Plaintiff.

36. Defendant Liberty Mutual's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Liberty Mutual's insurance contract with Plaintiff.

#### II. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38. Defendant Liberty Mutual's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

39. Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Liberty Mutual's liability under the Policy was reasonably clear, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

40. Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

41. Defendant Liberty Mutual's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

42. Defendant Liberty Mutual's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

43. Defendant Liberty Mutual's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Liberty Mutual refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### III. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44. Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

45. Defendant Liberty Mutual's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

46. Defendant Liberty Mutual's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

47. Defendant Liberty Mutual's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

### IV. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48. Defendant Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

49. Defendant Liberty Mutual's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Liberty Mutual knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## KNOWLEDGE

50. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

51. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

53. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

54. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

55. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

56. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff

is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

57. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X.
## DISCOVERY REQUESTS

58. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

59. Defendant Liberty Mutual is also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days of service

## XI.
## MOTION TO COMPEL MEDIATION

60. Pursuant to section 541.161 of the Texas Insurance Code, Plaintiff moves this Court for an order compelling the mediation of this dispute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment

interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

                Respectfully submitted,

                **HAUN MENA, PLLC**

        By: _/s/ Ryan K. Haun_
                RYAN K. HAUN
                State Bar No.: 24055634
                D. DOUGLAS MENA
                State Bar No.: 24054982
                3006 Brazos Street
                Houston, Texas 77006
                (713) 781-8600 – Telephone
                (713) 781-8601 – Fax
                ryan@haunmena.com
                doug@haunmena.com

                **ATTORNEYS FOR PLAINTIFF**